UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
JERRY EARL REMBERT,

                Plaintiff,

    – against –

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
------------------------------------------------------------ X

**MEMORANDUM DECISION AND ORDER**

2:19-CV-00820 (AMD)

**ANN M. DONNELLY**, United States District Judge:

    The plaintiff seeks review of the Commissioner of Social Security's decision that he was not disabled for the purposes of receiving supplemental security income under Title XVI of the Social Security Act. For the reasons that follow, I remand the case for further proceedings.

    The plaintiff applied for supplemental security income on July 31, 2015, alleging disability as a result of mental health symptoms associated with bipolar disorder and depression. (Tr. 13, 182.) After his claim was denied on December 1, 2015, the plaintiff requested a hearing. (Tr. 13.) Administrative Law Judge Michael Carr held a hearing on December 7, 2017, at which a vocational expert and the plaintiff, who was represented by counsel, testified. (Tr. 35.)

    The ALJ denied the plaintiff's claim for benefits, concluding he had the residual functional capacity to "perform a full range of work at all exertional levels, but with the following nonexertional limitations:" he could perform only "simple, routine tasks" and "tolerate occasional contact with supervisors, co-workers, and the general public." (Tr. 17.)

    The Appeals Council denied the plaintiff's request for review on December 19, 2018. (Tr. 4.) The plaintiff commenced this action on February 11, 2019, and both parties moved for judgment on the pleadings. (ECF Nos. 1, 15, 20.)

## STANDARD OF REVIEW

A district court reviewing a final decision of the Commissioner must determine "whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004) *as amended on reh'g in part*, 416 F.3d 101 (2d Cir. 2005). The court must uphold the Commissioner's factual findings if there is substantial evidence in the record to support them. 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation omitted). "Although factual findings by the Commissioner are 'binding' when 'supported by substantial evidence,'" the court will not defer to an ALJ's determination "[w]here an error of law has been made that might have affected the disposition of the case." *Pollard v. Halter*, 377 F.3d 183, 188-89 (2d Cir. 2004) (quoting *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984) (internal citations omitted)). Thus, "[e]ven if the Commissioner's decision is supported by substantial evidence, legal error alone can be enough to overturn the ALJ's decision." *Ellington v. Astrue*, 641 F. Supp. 2d 322, 328 (S.D.N.Y. 2009) (citation omitted).

## DISCUSSION

The plaintiff alleges two points of error: (1) failure to develop the record and a resulting misapplication of the treating physician rule; and (2) improper analysis of the plaintiff's credibility. Because I agree that the ALJ did not adequately develop the record or properly evaluate the plaintiff's credibility, I remand the case for further proceedings.

### I. Duty to Develop the Record

"Social Security proceedings are inquisitorial rather than adversarial." *Sims v. Apfel*, 530 U.S. 103, 110-11 (2000). Accordingly, an ALJ "must . . . affirmatively develop the record in

2

light of the essentially non-adversarial nature of a benefits proceeding." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotation marks and citation omitted). "Whether the ALJ has met his duty to develop the record is a threshold question." *Craig v. Comm'r of Soc. Sec.*, 218 F. Supp. 3d 249, 261-62 (S.D.N.Y. 2016). An ALJ is obligated to request missing information from a physician when he "is not able to fully credit a treating physician's opinion because the medical records from the physician are incomplete or do not contain detailed support for the opinions expressed," or where there is a "clear gap" in the record. *Correale-Englehart v. Astrue*, 687 F. Supp. 2d 396, 428 (S.D.N.Y. 2010) (citations omitted).

The ALJ gave "limited weight" to the treating medical source statements prepared by Licensed Clinical Social Worker Maria Liguori and co-signed by Dr. Tom Tuzel, concluding that the record did not support their conclusions that the plaintiff had "relatively severe" limitations. (Tr. 19-20.) The ALJ noted, however, that the medical record was "sparse" and that the physicians' opinion was "a checklist form that d[id] not provide an analytical narrative, but simply refer[ed] to the attached treatment records." (Tr. 19-20.) According to the ALJ, the "gap in treatment records" and absence of more recent treatment records "suggest[ed] that the [plaintiff]'s mental health symptoms ha[d] stabilized over time . . . ." (Tr. 18-19.) An ALJ should not reject a treating physician's findings simply because there are gaps in the record. *See Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999) ("[A]n ALJ cannot reject a treating physician's diagnosis without first attempting to fill any clear gaps in the administrative record.").

The record suggests that there are additional records. The plaintiff testified that he was treated three times a week for about three years at his treating physicians' facility.[1] (Tr. 41.) The Government, conceding that the record is "unclear," notes that a state psychological

---

[1] Some of the treating physicians' notes state that the plaintiff only sought treatment once a week. (*See, e.g.*, Tr. 338.)

consultant—whose opinion the ALJ gave "some weight"—requested additional documents from the treating physicians but was unable to obtain them. (Tr. 20-1 at 12, 20.) While plaintiff's counsel did not seek to complete the record (Tr. 38),[2] "[t]he ALJ's affirmative duty to develop the record 'exists even when the claimant is represented by counsel.'" *Klemens v. Berryhill*, 703 F. App'x 35, 36 (2d Cir. 2017) (summary order) (citation omitted). On remand, the ALJ should request additional records from the plaintiff's treating physicians, including analytical information supporting their opinions.[3]

### III. Credibility Determination

While an ALJ must take a plaintiff's reports of pain and other limitations into account, he "is not required to accept the claimant's subjective complaints without question." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010). If the "allegations of pain are not substantiated by the objective medical evidence, the ALJ must engage in a credibility inquiry." *Gallagher v. Colvin*, 243 F. Supp. 3d 299, 306 (E.D.N.Y. 2017). The ALJ should consider seven factors when determining credibility: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medications taken to alleviate the pain; (5) any treatment, other than medication, that the claimant has received; (6) any other measures that the claimant

---

[2] Although the plaintiff's appellate counsel argues that the plaintiff was *pro se* and represented by non-attorneys at his administrative hearing (ECF No. 16 at 9-10), the record establishes that an attorney represented the plaintiff at the December 7, 2017 hearing. (Tr. 37.)

[3] Since the administrative record's completeness is a threshold question, I do not reach the question of whether the record supports the ALJ's finding. "Even if the ALJ's decision might otherwise be supported by substantial evidence, the Court cannot reach this conclusion where the decision was based on an incomplete record." *Moreau v. Berryhill*, No. 3:17-CV-396, 2018 WL 1316197, at *4 (D. Conn. Mar. 14, 2018) (citation omitted).

4

employs to relieve the pain; and (7) other factors concerning the claimant's functional limitations and restrictions as a result of the pain. § 404.1529(c)(3)(i)-(vii).

While the ALJ listed the plaintiff's subjective complaints, including his lack of motivation, reliance on someone else to do his shopping and cleaning, and past struggles with alcohol and drugs, and found that the medical evidence did not support the plaintiff's statements (Tr. 17), he did not discuss the plaintiff's daily activities or aggravating stressors, or explain how he balanced the various credibility factors. Nor did he refer to the credibility factors or specify the extent to which he credited the plaintiff's testimony. *See Kane v. Astrue*, 942 F. Supp. 2d 301, 314 (E.D.N.Y. 2013) (finding legal error when the ALJ did not explicitly refer to or discuss any of the credibility factors) (collecting cases).

On remand, the ALJ should explain the basis for his conclusion that the plaintiff's testimony was not entirely consistent with the medical evidence and other evidence in the record. The ALJ should include a specific credibility determination and identify any inconsistencies between the plaintiff's testimony and the rest of the record.

## CONCLUSION

The Commissioner's motion for judgment on the pleadings is denied, and the case is remanded for further proceedings consistent with this opinion.

**SO ORDERED.**

                                                              s/Ann M. Donnelly
                                                            _____
                                                            Ann M. Donnelly
                                                            United States District Judge

Dated: Brooklyn, New York
       January 7, 2020